UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   EDCV 22-1797 FWS (KS)                                                  Date: February 27, 2023

Title   *Henry Navarro v. San Bernadino Sheriffs Departments Medical Staff et al.*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

         Gay Roberson
         Deputy Clerk                                        Court Reporter / Recorder

     Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

Plaintiff, a California inmate proceeding *pro se* and *in forma pauperis*, commenced this civil rights action on October 11, 2022 by filing his original Complaint.  (Dkt. No. 1.) Plaintiff is incarcerated at High Desert Detention Center in Adelanto, California, a facility operated by the San Bernardino County Sheriff's Department. (Dkt. No. 1 at 1); *also available at* http://wp.sbcounty.gov/sheriff/corrections/high-desert-detention-center (last visited on February 27, 2023).  Plaintiff alleges that he suffered a broken toe and that San Bernardino County Sheriff medical staff failed to follow a prescribed course of treatment for his injury.  (*Id.*)

On October 25, 2022, the Court issued a Memorandum and Order dismissing the Complaint for the failure to state an Eighth Amendment claim of deliberate indifference, and for failing to state a claim against state officials acting in their official capacities. (Dkt. No. 5.)  The Court granted Plaintiff leave to amend the Complaint to correct the identified deficiencies.  (*Id.* at 11.)

On November 28, 2022, Plaintiff filed a First Amended Complaint ("FAC").  (Dkt. No. 7.)  The FAC was in most respects identical to the original Complaint.  On January 9, 2023, the Court issued a second Memorandum and Order dismissing the FAC for the failure to state an Eighth Amendment claim of deliberate indifference, and again, for failing to state a claim against state officials acting in their official capacities. (Dkt. No. 9.)  The Court granted Plaintiff leave to amend the FAC to correct the identified deficiencies "one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-1797 FWS (KS)                                    Date: February 27, 2023

Title   *Henry Navarro v. San Bernadino Sheriffs Departments Medical Staff et al.*

final time." (*Id.* at 4, 12-13.) Plaintiff was granted 30 days to file a Second Amended Complaint ("SAC"), i.e., to February 8, 2023. (*Id.* at 12.) The Court admonished Plaintiff that his failure to timely comply with the Court's January 9, 2023 Memorandum and Order "may result in a recommendation of dismissal." (*Id.* at 13.)

Nearly three weeks have now passed since Plaintiff's February 8, 2023 deadline to file a SAC correcting the identified deficiencies, and Plaintiff has neither filed a SAC nor requested an additional extension of time to do so. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order." Accordingly, the Court could properly recommend dismissal of the action for Plaintiff's failure to timely comply with the Court's January 9, 2023 Memorandum and Order.

However, in the interests of justice, Plaintiff is **ORDERED TO SHOW CAUSE, on or before March 20, 2023, why the Court should not dismiss this action** for failure to prosecute. To discharge this Order and proceed with this action, **Plaintiff must file, on or before the March 20, 2023 deadline, a Second Amended Complaint** correcting the defects identified in the Court's January 9, 2023 Memorandum and Order.

**<u>Plaintiff's failure to timely comply with this order WILL result in a recommendation of dismissal.</u>**

The Clerk is directed to send Plaintiff a copy of the Court's January 9, 2023 Memorandum and Order (Dkt. No. 9) and the Central District's standard civil rights complaint form.

If Plaintiff no longer wishes to pursue this action, he may dismiss the Complaint without prejudice by filing a signed document entitled "Notice Of Voluntary Dismissal" pursuant to Rule 41(a).

**IT IS SO ORDERED.**

                                                                                              :
                                                          **Initials of Preparer**   gr