UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HENRY NAVARRO,

    Plaintiff,

  v.

SAN BERNADINO SHERIFFS DEPARTMENTS MEDICAL STAFF ET AL.,

    Defendants.

Case No. 5:22-cv-01797-FWS-KS

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

# I. Introduction and Relevant Procedural History

Before the Court is the Magistrate Judge's Report and Recommendation issued on May 1, 2023 (the "Report and Recommendation"), (Dkt. 14), regarding the claims of Plaintiff Henry Navarro ("Plaintiff"), as stated in the Second Amended Complaint, (Dkt. 11). Based on the state of the record, as applied to the applicable law, the court adopts the Report and Recommendation issued by the Magistrate Judge, including each of the findings of fact and conclusions of law therein.

On or about October 11, 2022, Plaintiff filed a civil rights complaint (the "Complaint") against several defendants, including the San Bernardino Sheriff's Department Medical Staff, PA/RN Jarmen, and RN April. (Dkt. 1.) On or about October 25, 2022, the Magistrate Judge dismissed the Complaint. (Dkt. 5.) On or about November 28, 2023, Plaintiff filed the First Amended Complaint ("FAC"). (Dkt. 7.) On or about January 9, 2023, the Magistrate Judge dismissed the FAC. (Dkt. 9.) After the Magistrate Judge issued on Order to Show Cause on February 27, 2023, (Dkt. 10), Plaintiff filed the Second Amended Complaint ("SAC") on or about March 27, 2023. (Dkt. 11) On May 1, 2023, the Magistrate Judge issued the Report and Recommendation. (Dkt 14.) On or about May 30, 2023, Plaintiff filed an Objection to the Report and Recommendation (the "Objection"). (Dkt. 15.)

# II. Analysis

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

In the Report and Recommendation, the Magistrate Judge recommends "DISMISSING the SAC in its entirety without leave." (Dkt. 14 at 11.) More specifically, in the Report and Recommendation, the Magistrate Judge concluded, in summary: (1) the SAC did not comply with Fed. R. Civ. P. 8, (*see id*. at 5-7); (2) the SAC fails to adequate plead an Eighth Amendment Deliberate Indifference Claim, (*see id*. at 7-10); (3); and the SAC fails to adequately state a claim or claims against the Medical Staff and Sheriff's Department, (*see id*. at 10-11).

In the Objection, in summary, Plaintiff responds to the reasons provided for dismissal of the SAC in the Report and Recommendation. (Dkt. 15.) For example, Plaintiff states that: (1) "I felt there was no necessity to input dates, when dates were on (Docket[] #7) but with standing it should have included dates…if defendants were confused at all they could have referred back to (Docket[] #7)." (*See id*. at 1.) In the Objection, Plaintiff also seeks to clarify his claims in the SAC by stating, "To clarify, I'm su[]ing P.A. Jarmen, R.N. Rios and the San Bernardino Sheriffs Medical Staff in the[ir] official & individual capacity, under the Eighth am[]endment, a claim for inadequate medical care the relief I'm asking for is $270,000.000 and my foot / toe repair." (*See id*. at 1-2.)

In this case, after conducting a *de novo* review of Plaintiff's Objections and Defendant's Reply to the Report and Recommendation, the court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation, including the recommendations the District Court issue an order "(1) accepting [the] Report and Recommendation; and (2) DISMISSING the SAC in its entirety without leave to amend." (Dkt. 14 at 11.)  Accordingly, the contents of the Objection are **OVERRULED** on their merits.

In sum, pursuant to 28 U.S.C. § 636, the Court has reviewed the record, including the Report and Recommendation, the Second Amended Complaint, the Objection, and the other records of the case.  After conducting a *de novo* determination of the portions of the Report and Recommendation to which Plaintiff's Objections pertain, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation.

### III. Conclusion

Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein.  Accordingly, the Court **DISMISSES THE SECOND AMENDED COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND**.

DATED: June 21, 2023

_____

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE